IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JULIO ALVERTO ZALDANA MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV953 |
| | ) | |
| OTIS ELEVATOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE</u>

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. #22], in this case involving negligence claims asserted by Plaintiff Julio Alverto Zaldana Martinez ("Plaintiff") against Defendant Otis Elevator Company ("Defendant"). Defendant has filed the present Motion for Summary Judgment seeking judgment as a matter of law on its defense of contributory negligence.

I.  FACTUAL BACKGROUND

This case involves claims asserted by Plaintiff Martinez related to injuries he suffered while he was working in and around an elevator shaft at a construction site for an Embassy Suites hotel. The general contractor for the project was Dargan Construction. Defendant Otis Elevator Company was a subcontractor on the site responsible for the elevators. Plaintiff was employed by the masonry subcontractor, Carolina Construction, which was owned and operated by Horace Smith. At the time that Plaintiff was injured, he was doing masonry work around the elevator shaft in accordance with, he contends, the instructions he had been given by Horace Smith. At the time, the elevator itself had not been installed, but a temporary elevator "lift" was

being used in its place. Plaintiff contends that Jonathan Sprinkle, an employee of Defendant Otis Elevator Company, ran the elevator lift past the floor where Plaintiff was working, causing serious injuries to Plaintiff. Plaintiff has presented his own statement and statements of witnesses indicating that at the time of the injury, there was no warning light flashing or alarm sounding on the elevator lift. Plaintiff further states that the masonry workers had been told that only they would be able to control the elevator lift that day since they would be working in and around the elevator shafts. Plaintiff contends that an employee of a subcontractor owes a duty to employees of other subcontractors on a construction project to conduct themselves in a safe manner, and that Defendant Otis and its employee, Jonathan Sprinkle, were negligent in various ways, resulting in Plaintiff's injury.

Defendant has filed a Motion for Summary Judgment, contending that it is entitled to judgment as a matter of law on its defense of contributory negligence.[1] Specifically, Defendant contends that Plaintiff was contributorily negligent because he did not have any understanding of the safety procedures put in place by the general contractor, Dargan Construction. Defendant contends that Plaintiff should have known that he could only work in the elevator shaft if the elevator lift was on the same floor where he was. Defendant also contends that Plaintiff "failed to keep a sufficient lookout." Based on these assertions, Defendant contends that Plaintiff was contributorily negligent as a matter of law.

---

[1] Defendant does not contend that it is entitled to judgment as a matter of law with respect to whether Defendant Otis was, or was not, negligent. In this regard, Defendant concedes that Plaintiff has presented his own testimony and the statements of several witnesses that would create a genuine issue of fact with respect to whether Defendant Otis was negligent. Thus, any question regarding whether Defendant Otis was or was not negligent would be for the jury, and that issue is not before the Court on the present Motion for Summary Judgment.

II.     DISCUSSION

Under North Carolina law, "a plaintiff's right to recover in a personal injury action is barred upon a finding of contributory negligence." Cobo v. Raba, 347 N.C. 541, 545, 495 S.E.2d 362, 365 (1998) (citing Brewer v. Harris, 279 N.C. 288, 298, 182 S.E.2d 345, 350 (1971)). Contributory negligence is "negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains." Jackson v. McBride, 270 N.C. 367, 372, 154 S.E.2d 468, 471 (1967). To establish contributory negligence, "[t]he defendant must demonstrate: (1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury." Whisnant v. Herrera, 166 N.C. App. 719, 722, 603 S.E.2d 847, 850 (2004).

To succeed on its Motion for Summary Judgment based on contributory negligence, Defendant must establish that there are no genuine issues of material fact, and that Plaintiff was contributorily negligent as a matter of law, taking all the evidence in the light most favorable to Plaintiff. See Fed. R. Civ. P. 56(c). However, "[i]ssues of contributory negligence, like those of ordinary negligence, are ordinarily questions for the jury and are rarely appropriate for summary judgment. Only where the evidence establishes the plaintiff's own negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted." Nicholson v. American Safety Utility Corp., 346 N.C. 767, 488 S.E.2d 240 (1997) (citing Lamm v. Bissette Realty, Inc., 327 N.C. 412, 418, 395 S.E.2d 112, 116 (1990); Norwood v. Sherwin-Williams Co., 303 N.C. 462, 468-69, 279 S.E.2d 559, 563 (1981)); see also Smith v. Selco Products, Inc., 96 N.C. App. 151, 385 S.E.2d 173 (1989) ("[I]t is widely acknowledged that

3

certain claims or defenses are not well suited to summary judgment. For example, summary judgment is rarely appropriate in a negligence case. This is because the determination of essential elements of these claims or defenses to these claims are within the peculiar expertise of the fact finders. Similarly, contributory negligence is a jury question unless the evidence is so clear that no other conclusion is possible." (internal citations omitted)).

In this case, Plaintiff contends that it is undisputed that the brick masons were supposed to be working in the elevator shafts on the day that he was injured. Plaintiff has presented evidence to establish that on the day of his injury and for several days prior, the brick masons had been completing the masonry work around the elevator opening on each floor, working their way from the top floor down. Plaintiff contends that in accomplishing this work, it was their practice to work on the elevator shaft on a given floor while the elevator lift was stationary above them, with another mason standing on the lift on the floors above them to do "finishing" work on the floors they had otherwise completed. Plaintiff contends that they were following the direct instructions of Horace Smith in working on the elevator shafts in this manner. (Martinez Dep. at 32, 34-36, 43-45.) Plaintiff also contends that Horace Smith told them that the elevator would not be moved while they were working without prior approval of the brick masons, so Plaintiff had no reason to anticipate that the lift would be run past the floor where he was working. (Id. at 37, 43.) Cf. Smith v. Selco Products, Inc., 96 N.C. App. 151, 159, 385 S.E.2d 173, 177 (1989) (finding, in suit against third party, no contributory negligence as a matter of law when employee followed custom of employer with knowledge of employer's management, because "[i]n North Carolina, a servant's conduct which otherwise might be

pronounced contributory negligence as a matter of law is deprived of its character as such if done at the direction or order of defendant employer" and concluding that this rule could logically apply even when the employer was not a defendant in the case) (internal quotation omitted)).[2]  This account is corroborated by Jorge Correa Rivera, another laborer on the site who worked for the general contractor, Dargan Construction (Rivera Dep. at 7, 9, 15, 17.)  The supervisor for Dargan Construction, William Neely, has noted that he doesn't know whether Plaintiff was supposed to be working where he was because he doesn't know what Horace Smith told Plaintiff to do, and Randy Banks, the safety director for Dargan Construction, noted that "the ghost question of the whole thing is, who told [Plaintiff] to go there or did he do it on his own, and I – I don't know."  (Neely Dep. at 30-31; Banks Dep. 37-38.)  Finally, to the extent that other safety rules may have been in place, Plaintiff notes that there is no evidence that anyone communicated those rules to Plaintiff.

Having considered the contentions of the parties, this Court concludes that there are genuine issues of material fact regarding the circumstances of the accident and the reasonableness of Plaintiff's conduct.  Specifically, the Court cannot find that Plaintiff was contributorily negligent as a matter of law by working in the elevator shaft below the elevator lift at the time he was injured, where there is sufficient evidence from which a reasonable jury

---

[2]  The parties have been unable to locate Horace Smith, and it appears that Carolina Construction did not have Worker's Compensation Insurance.  Defendant Otis raised a claim and defense of independent negligence by Carolina Construction pursuant to North Carolina General Statute § 97-10.2, for the purpose of barring any right of recovery or subrogation Carolina Construction or its workers' compensation carrier might have against damages awarded in this case.  However, at this point, it does not appear that Plaintiff has collected any Worker's Compensation and there has been no assertion of any subrogation lien.  Defendant does not contend that any negligence by Horace Smith or Carolina Construction would constitute contributory negligence by Plaintiff.

could conclude that Plaintiff was working in the elevator shaft as instructed by his supervisor following the same procedures the brick masons had been following for several days, with the understanding that no one else would be operating the elevator lift while the masons were working in the elevator shaft. The reasonableness of Plaintiff's conduct in such circumstances would be a question for the jury. Moreover, to the extent that Defendant contends that Plaintiff was negligent by failing to keep a "lookout," Defendant has acknowledged that there is conflicting testimony regarding whether any safety light flashed or alarm sounded prior to the lift moving. In these circumstances, the Court cannot conclude that Plaintiff's claim is barred by contributory negligence as a matter of law, and instead that determination must be made by a jury.

III.  CONCLUSION

For the reasons set out above, this Court concludes that there are genuine issues of material fact for trial with respect to Defendant's contributory negligence defense, and the Court therefore recommends that Defendant's Motion for Summary Judgment be denied.

IT IS THEREFORE RECOMMENDED that Defendant's Motion for Summary Judgment [Doc. #22] be DENIED and this matter proceed to trial.

This, the 11th day of May, 2012.

                                                 /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge